UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CHARLES C. CHATMAN, | ) |
| Petitioner, | ) |
| v. | ) No. 2:19-cv-00090-JMS-MJD |
| RICHARD BROWN, | ) |
| Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Charles Chatman's petition for a writ of habeas corpus challenges his conviction in a prison disciplinary proceeding identified as WVE 18-11-0120. For the reasons explained in this Entry, Mr. Chatman's petition must be **denied**.

## I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

WVE 18-11-0120 began with the following conduct report, written by Sergeant Martin on November 11, 2018:

> On 11-11-18 at approximately 7:00 PM, offender Chatman, Charles # 902979 of SCU A609 was performing his duty as range sanitation for A600 rage. Offender Chatman threw feces on offender Nunley, Aspen # 179359 of A607. Nunley had fecal matter on a pair of white tennis shoes and socks which Nunley was wearing at the time. While searching cell A 609 3 styrofoam cups with brown liquid that smelled of feces were also found.

Dkt. 8-1. According to the report, Officer Eaton witnessed the incident, and that photographs of the cups were placed in evidence. *Id.*

On November 26, 2018, Mr. Chatman received a screening report notifying him that he had been charged with battery in violation of Code 102. Dkt. 8-2. Mr. Chatman requested to review range video of the incident. *Id.* The hearing officer denied Mr. Chatman's request, finding that permitting him to review the video would jeopardize facility safety and security. Dkt. 8-9. However, the hearing officer watched the range video and prepared the following summary for Mr. Chatman:

> 06:46:25pm - time on video - Offender Chatman, Charles 902979 is out of his cell for sanitation. He picks up a Styrofoam cup off the cuff port of his cell A 609, and goes to A607
>
> 06:46:29pm - Offender Chatman is at A607
>
> 06:46:31 pm - Offender in cell A607 pick up a bottle off his table
>
> 06:46:32pm - Offender Chatman throws the contents of the cup at the offender in A607
>
> 06:46:33pm - Offender in A607 throws the contents of the bottle at offender Chatman
>
> 06:46:34pm - Offender Chatman goes to his cell A609 gets a cup off the floor of cell by toilet goes back to A607
>
> 06:46:43pm - Offender Chatman throws contents of cup at Offender in cell A607

> 06:46:44pm - Offender Chatman goes back to his cell A609 gets another cup from the floor next to toilet and goes back to cell A607
>
> 06:46:51pm - Offender in A607 throws a bottle at Offender Chatman
>
> 06:46:55pm - Offender Chatman throws contents of cup at offender in cell A607
>
> 06:46:57pm - Offender Chatman walks back to his cell A609 drops cup on floor and picks up a bottle off the floor on way to cell A609
>
> 06:47:22pm - Offender Chatman starts cleaning the upper range floor.

Dkt. 8-9.

The screening report indicates that Mr. Chatman requested to call Officer Eaton as a witness but later changed his mind. Dkt. 8-2. Officer Eaton prepared a witness statement dated November 11, 2018, that states, in relevant part:

> On 11-11-18 at approximately 1900, I observed liquid being thrown out of cell A-607 in the SCU, occupied by Offender Nunley, Aspen # 902979. It was thrown in the direction of the rangeworker, Chatman, Charles # 902979, who was cleaning the range. Then offender Chatman went into his cell, A-609 and returned with a cup of liquid that he then threw into cell A-607. . . . Although I hadn't found the time to contact her, Sgt. Martin arrived on the wing at approximately 1910 and promptly order offender Chatman into his cell. I secured his cell and Sgt. Martin, C/O's Dunn, Boatman, Alexander and Mansfield entered the 600 range.

Dkt. 8-11.

The screening report also indicates that Mr. Chatman requested to call Sergeant Martin as a witness. Dkt. 8-2. On November 29, 2019, Sergeant Martin provided the following statement by e-mail:

> On 11-11-18 at approximately 7:00 PM offender Charles Chatman #902979 did throw feces on another offender. He had cups of feces stored in the cell he was living in at the time A609. As range sanitation, offender Chatman knows storing feces in Styrofoam cups is in no way they proper method of disposal or use of feces. I stand by my conduct report.

Dkt. 8-13.

WVE 18-11-0120 proceeded to a hearing on December 27, 2018. Dkt. 8-8. The hearing officer found Mr. Chatman guilty of battery, explaining:

> DHO believes conduct to be true and accurate
>
> DHO took into account conduct report, witness statements, video evidence, offender statement.

*Id.* The hearing officer assessed sanctions, including deprivation of 45 days' earned credit time and a demotion in credit-earning class. *Id.* Mr. Chatman's administrative appeals were denied. Dkts. 8-15, 8-16.

### III. Analysis

Mr. Chatman raises two challenges in his petition: that the prison staff failed to account for Nunley's role in the incident, and that his sanctions have been applied to the wrong sentence under Indiana Department of Correction (IDOC) policy. For the reasons set forth below, neither of these issues presents a basis for habeas relief.

**A.     Failure to Account for Nunley's Role**

Mr. Chatman makes numerous assertions regarding Nunley's role in the incident. Specifically, Mr. Chatman notes that the conduct report fails to mention that Nunley threw something at him. Mr. Chatman also notes that Nunley was never punished for his conduct.

To the extent Mr. Chatman asserts that the evidence against him was compromised because it failed to account for Mr. Nunley's participation, his argument is insufficient to merit habeas relief. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat*, 288 F.3d at 981. "[T]he relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added); *see also*

*Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

The conduct report, the video summary, and the witness statements provided by Officer Eaton and Sergeant Martin all document that Mr. Chatman threw feces on Nunley. Mr. Chatman does not dispute that these pieces of evidence are accurate in that respect. He does not deny that he threw feces on Nunley or that doing so constituted battery. Regardless of what any other evidence showed or omitted, these pieces of evidence adequately support the hearing officer's conclusion that Mr. Chatman battered Nunley.

To the extent Mr. Chatman argues that the Court should reconsider the credibility or persuasiveness of the various pieces of evidence, the Court may not do so. When assessing the sufficiency of the evidence in a habeas proceeding, the Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)). Instead, the Court must limit its inquiry "to whether *any reliable evidence* exists to support the conclusions drawn by the hearing officer." *Id.* (emphasis added). The evidence of Mr. Chatman's guilt was reliable for the reasons discussed above. The Court may not consider whether the hearing officer should have viewed the evidence more skeptically based on its treatment of Nunley.

To the extent Mr. Chatman argues that his conduct should be excused because Nunley also misbehaved, the Court is unaware of any legal support for that contention. Likewise, to the extent Mr. Chatman argues that his rights were violated simply because he was punished and Nunley was not, the Court is also unaware of any legal support for that contention. Prisoners do not have a due

process right to be punished consistently with one another. *Cf. Sweatt v. McBride*, 24 F. App'x 572, 575 (7th Cir. 2001) ("[I]nmates do not have a right to receive the same sanctions as others convicted of the same offenses.") (citing *Williams v. Illinois*, 399 U.S. 235, 243 (1970)).

Finally, to the extent Mr. Chatman argues that the prison staff created its reports in a manner inconsistent with IDOC policy, he again fails to state a basis for habeas relief. Prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates." *Sandin v. Conner,* 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis,* 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire* , 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

**B.     Application of Sanction**

Mr. Chatman represents that he was committed to IDOC custody to serve consecutive sentences he received in two separate convictions. He states that he completed his sentence for one conviction between the date of this incident (November 11, 2018) and the date he was convicted and sanctioned for the disciplinary action (December 27, 2018). Mr. Chatman argues that it "is against state laws" and IDOC policy to use a deprive him of credit time that could be applied toward one sentence as a sanction for conduct that occurred while he was serving an earlier sentence. *See* dkt. 1 at 3.

For the same reasons discussed in Part III(A) above, this issue is a non-starter. "[S]tate-law violations provide no basis for federal habeas relief." *Estelle*, 502 U.S. at 68 n.2. Even if Mr. Chatman's assessments of the facts, IDOC policy, and state law are all correct, they do not authorize this Court to grant habeas corpus relief under federal law.

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. Mr. Chatman's petition does not identify any arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions that entitles him to the relief he seeks. Accordingly, Mr. Chatman's petition for a writ of habeas corpus is **denied**, and the action is **dismissed**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/19/2019

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

CHARLES C. CHATMAN
902979
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Monika P. Talbot
INDIANA ATTORNEY GENERAL
monika.talbot@atg.in.gov